UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY JERDINE, et al., | ) | CASE NO. 1:09 CV 307 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FEDERAL DEPOSIT INSURANCE | ) | AND ORDER |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiffs Anthony Jerdine and Darryl Jerdine filed this action under numerous federal statutes against the Federal Deposit Insurance Corp. ("FDIC"), Washington Mutual Bank ("Washington Mutual"), Select Portfolio Services, Inc. ("SPS"), DLJ Mortgage Capital, Inc ("DLJ"), Steve Hunyado, and Denise M. Hunyado. In the complaint, plaintiffs allege that Washington Mutual, SPS, and DLJ engaged in unfair lending practices which led to the default of their mortgage and foreclosure of their property. They seek a permanent injunction voiding the sheriff's sale of their home, an order vacating the judgment of foreclosure, judgment against the defendants, convey of title to the property back to the plaintiffs, an injunction of future foreclosure actions relative to this mortgage, and $ 27,400,000.00 in compensatory damages.

As an initial matter, only Anthony Jerdine signed the pleadings. Darryl Jerdine has not filed or signed any documents in this case. A party may plead and conduct his or her case in person or through counsel. See 28 U.S.C. § 1654. Anthony Jerdine is not an attorney authorized to represent others in the United States District Court for the Northern District of Ohio, or in any other court in this state. His signature alone, therefore, is ineffective to bring the claims of Darryl Jerdine before the court. This court therefore will address only those claims asserted by Anthony Jerdine.

## Background

Although the complaint and supplemental pleading are quite lengthy, the plaintiff includes very few facts to shed light on his claims.  Mr. Jerdine contends that he has an interest in the real property located at 28220 Red Raven Road in Pepper Pike, Ohio.  At some point in the past, he entered into a variable rate mortgage loan agreement with Washington Mutual.  The terms of the mortgage included an initial period at a fixed rate of interest,  followed by a period of time where a variable interest rate applied.  Mr. Jerdine suggests he qualified for the loan under the initial rate; however, when the rate changed under the terms of the mortgage, he could not afford the payments and the loan went into default.  He does not disclose the amount of the loan or the period of time in which he made payments.  Washington Mutual declared bankruptcy, and was placed under the care of the FDIC.  In addition, Mr. Jerdine indicates that at some point, SPS acquired the loan for servicing.  The sequence of these events is not clear from the pleadings.  It appears that a foreclosure action was filed on August 23, 2005 and a judgment was granted in favor of the mortgage holder in the amount of $ 1,017,663.00.  The property was sold at sheriff's sale, and was purchased by an undisclosed buyer.  It is currently owned by Steve and Denise Hunyado.[1]

Mr. Jerdine challenges the validity of the loan and the foreclosure action.  He claims the transaction involved a predatory subprime loan which was not in his best interest at the time he entered into the agreement.  He contends the defendants knew or should have known that the he

---

[1] It should also be noted that Anthony Jerdine was indicted on November 19, 2008 in the United States District Court for the Northern District of Ohio and was charged with one count of conspiracy, one count of bank fraud, and twelve counts of money laundering in connection with an alleged mortgage loan and real estate  purchasing scheme.  The indictment pertains to the purchase of a property in South Russell with a mortgage from Washington Mutual Bank.  In addition, he has been a defendant in numerous foreclosure actions in the Cuyahoga County Court of Common Pleas since 2000.

could not afford the mortgage under the variable rate, and did not follow all of the provisions of the Truth in Lending Act at the time they entered into the transaction. He further asserts that SPS failed to post payments on time, charged interest and late fees, and then applied future payments to the late fees rather than to the principal and interest. He claims that this resulted in additional late fees and penalties being added. He also claims debt collectors threaten customers with a negative credit rating, and foreclosure if the consumer does not immediately pay the total amount of the loan plus the fees and penalties accrued. Customers are offered a forbearance agreement which still requires them to pay all of the fees. He contends SPS failed to timely respond to complaints concerning late postings and assessment of late fees. Finally, he claims SPS failed to make escrow payments to casualty insurance companies, resulting in lapsed coverage and "forced-placed insurance" at a higher rate to the consumer. (Compl. at. 5.) He claims the defendants violated the Fair Trade Commission Act, 15 U.S.C. § 45(a); Fair Debt Collections Practices Act, 15 U.S.C. § 1692; the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, the Truth in Lending Act, 15 U.S.C. § 1601; the Ohio Consumer Practices Act, Ohio Revised Code § 1345.01; the Ohio Mortgage Brokers Act, Ohio Revised Code § 1322; and the Ohio Racketeer Influenced Corrupt Organization Act, Ohio Revised Code § 2923.32.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The

claims asserted in this action satisfy these criteria.

The court notes that this is Mr. Jerdine's third attempt to collaterally attack the foreclosure judgment issued against him in the Cuyahoga County Court of Common Pleas, Washington Mutual Bank v. Darryl Jerdine, et al, Case No. CV-05-570626 (Cuyahoga Cty Ct. Comm. Pl. filed Aug. 23, 2005), in the amount of $1,017,663.00. The first case, Jerdine v. Washington Mutual Bank, No. 1:07 CV 2984 (N.D. Ohio filed Oct. 1, 2007)(Gwin, J.), challenged the foreclosure and sought to reverse the judgment and the sheriff's sale. United States District Judge Christopher A. Boyko dismissed the action on October 10, 2007, citing the Rooker-Feldman doctrine which prohibits United States District Courts from entertaining challenges to state court judgments. Mr. Jerdine then filed a Mandamus action in the Ohio Eighth District Court of Appeals, In re Darryl Jerdine, No. 91172, 2008 WL 1822388 (Ohio App. 8 Dist. filed March 19, 2008). In addition to finding that Anthony Jerdine could not file the action on behalf of Darryl Jerdine, the court found no grounds for mandamus. He filed the within action on February 10, 2009, asserting many of the same arguments and a few additional arguments to challenge the foreclosure. This court also notes that Mr. Jerdine filed a similar action in the Cuyahoga County Court of Common Pleas against the same defendants. Jerdine v. Washington Mutual Bank, No. CV-09-688130 (Cuyahoga Cty Ct. Comm. Pl. filed Mar. 23, 2009). That action is still pending.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage

multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a third time.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: June 18, 2009                    s/    James S. Gwin
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.